Leonard H. Gerson, NYB# 2138568
United States Department of Labor
Office of the Solicitor
Plan Benefits Security Division
200 Constitution Avenue, Suite N-4611
Washington, D.C.  20210
(202) 693-5615
gerson.leonard@dol.gov

Attorney for Eugene Scalia, Secretary of the
United States Department of Labor

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| EUGENE SCALIA, Secretary of the United States Department of Labor, | Civil Action No.: |
| Plaintiff, | COMPLAINT |
| v. | (Employee Retirement Income |
| NATIONAL SECURITY RETIREMENT PLAN, LLC and INVEST n' RETIRE, LLC, | Security Act (29 U.S.C. § 1132(e)(1)) |
| Defendants. | |

Plaintiff Eugene Scalia, the Secretary of the United States Department of

Labor ("the Secretary"), alleges:

## INTRODUCTION

1.      The Secretary brings this action requesting that the Court appoint an independent fiduciary to act as a fiduciary for ERISA-covered retirement benefit plans participating in the National Security Retirement Plan arrangement (the "NSRP Plan").  The previous corporate fiduciaries for the plans, defendants National Security Retirement Plan, LLC ("NSRP") and Invest n' Retire, LLC (INR), are defunct, as a result of a double suicide of their managing members and owners, Darwin and Carolyn Abrahamson ("the Abrahamsons").  As a result, the plans have no fiduciary to administer them, to make appropriate distributions of the plans' assets, to file a claim on a fidelity bond for losses suffered as a result of the of fiduciary misconduct, or to terminate and wind up the affairs of the plans.

## PARTIES

2.      The Secretary, pursuant to Sections 502(a)(2) and (5) of the Act, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

3.      Retirement Solutions Advisors, LLC ("RSA"), the National Association for Plan Liability ("NAPL"), and Keene Photography Studio ("Keene") (collectively, the "Participating Employers") are three employers who

participated in an employee benefit arrangement offered and promoted by the

Abrahamsons and the defendants as the NSRP Plan.  The purpose of the NSRP

Plan arrangement was to provide retirement benefits to employees of the

Participating Employers under terms established by the Abrahamsons and

defendants NSRP and INR. On information and belief, the NSRP Plan was

marketed and operated by the Abrahamsons and defendants NSRP and INR as if

it were a single, multiple employer plan established to provide retirement

benefits to the employees of multiple employers.  Insofar as the Participating

Employers lacked the requisite authority and control over the NSRP Plan to

qualify it as a single ERISA-covered Plan, each of the Participating Employers

established its own ERISA-covered plan to provide retirement benefits to its

employees and that was funded by employee and employer contributions to the

plan.  The NSRP Plan or, alternatively, each of the three plans established by the

Participating Employers (collectively, "the Plans"), is an employee pension benefit

plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and is

therefore covered by ERISA pursuant to ERISA Section 4(a), 29 U.S.C. § 1003(a).

The Plans were administered by the defendants in Portland, Oregon.

    4.    Defendant NSRP is a defunct Delaware corporation that operated out

of Portland, Oregon.  Darwin Abrahamson and his wife, Carolyn Abrahamson

were the sole owners, managing members, and employees of NSRP.  The

Abrahamsons committed suicide in December 2017.  NSRP's operations ceased

after the deaths of the Abrahamsons.  NSRP was dissolved on June 1, 2018.

     5.      Defendant INR is a defunct Delaware corporation that operated in

Portland, Oregon.  The Abrahamsons were the sole owners, managing members,

and employees of INR.  INR's operations ceased after the deaths of the

Abrahamsons. INR was dissolved on June 1, 2018.

## JURISDICTION AND VENUE

     6.      This action arises under ERISA and is brought by the Secretary to

obtain relief under ERISA Sections 409 and 502, 29 U.S.C. §§ 1109 and 1132, to

redress violations and enforce the provisions of Title I of ERISA.

     7.      This Court has subject matter jurisdiction over this action pursuant

to ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1).

     8.      Venue with respect to this action lies in the District of Oregon,

where the defendants' operated business and the Plans were administered,

pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

## GENERAL ALLEGATIONS

     9.      This action arises under the Employee Retirement Income Security

Act of 1974 ("ERISA" or "the Act"), 29 U.S.C. § 1001, et seq., and is brought to

obtain relief under Sections 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132,

in the form of equitable remedies that will redress violations, obtain appropriate

equitable relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of ERISA.

10.    The Plans are ERISA-covered employer benefit plans.

11.    Defendant NSRP was the plan administrator and named fiduciary for the Plans responsible for the Plans' administration and operation. The Abrahamsons were the sole individuals who acted on behalf of NSRP and they performed all of the functions of a plan administrator.  Darwin Abrahamson was the trustee of the Plans.

12.    Defendant INR was the record keeper for the Plans.  NSRP delegated control over the Plans' assets to INR, and INR exercised control over the management and disposition of the Plans' assets.  The Abrahamsons performed all of the fiduciary functions delegated to INR.

13.    The Huntington National Bank ("Huntington") holds the Plans' assets, and pursuant to its Custody Agreement, Huntington only accepts direction regarding the Plans' assets from NSRP or INR. The Custody Agreement's authorized signature form identifies the Abrahamsons as the managing members of NSRP. The agreement identifies D. Abrahamson as CEO of INR.

14.    NSRP, INR and the Abrahamsons each exercised discretionary authority or control respecting management of the Plans, exercised authority or

control respecting management and disposition of the Plans' assets, and had

discretionary authority or responsibility in the administration of the Plans. NSRP,

INR and the Abrahamsons were therefore each a fiduciary to the Plans within the

meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).  NSRP, INR, and the

Abrahamsons were also parties in interest pursuant to ERISA§ 3(14)(A), 29 USC

§1002(14)(A).

15.    Beginning in 2014, NRSP and INR, acting through the Abrahamsons,

made multiple transfers of assets of the Plans to themselves and to the

Abrahamsons for non-plan purposes.  The aggregate amount of the transfers was in

excess of $100,000.00.

16.    The Abrahamsons committed suicide in December of 2017, which

caused NSRP and INR to cease all operations, including serving as fiduciaries to

the Plans.  NSRP and INR did not take action to appoint successor fiduciaries for

the Plans.

17.    According to the Plans' records, the Plans had a total of 31

participants and assets of $1,527,155.14 as of December 31, 2017.

18.    The three Participating Employers have requested distributions of

their respective employees' share of the Plans' assets held by Huntington Bank.

Huntington will not make any distributions unless it receives instruction from a

fiduciary authorized to give that direction.

19.     The Plans are insured by Hanover Insurance Company ("Hanover")
for losses they suffered resulting from fraud or dishonesty under a $500,000
fidelity bond (the "Bond").

20.     The Secretary's investigation revealed that the Plans suffered losses
resulting from defendants NSRP's and INR's and the Abrahamsons' fraud or
dishonesty, and by letter dated August 9, 2018, the Secretary gave Hanover notice
of a loss to the Plans under the Bond resulting from defendants' and the
Abrahamsons' actions.

21.     Hanover has responded that the Secretary lacks standing to pursue a
claim under the Bond.

22.     As a result of the Abrahamsons' deaths and the cessation of
operations by NSRP and INR, no person or entity presently exists with clear
authority to act as a fiduciary for the Plans, to manage or control the operation and
administration of the Plans, to wind up and terminate the Plans, or to exercise
control over the Plans' assets, including the authority to give instructions to
Huntington Bank to distribute the Plans' assets or to pursue the Bond claim.

23.     NSRP, INR, and the Abrahamsons, the fiduciaries of the Plans, among
other things, failed to loyally and prudently discharge their fiduciary duties for the
exclusive purpose of providing benefits to the Plans' participants and beneficiaries,
and generally engaged in a pattern of conduct in which they disregarded their

fiduciary duties, in violation of ERISA Section 404(a), 29 U.S.C. § 1104(a).  In addition, as a result of the Abramson's deaths and the cessation of NSRP's and INR's operations, the Plans are without a named fiduciary with clear authority to control and manage the operation and administration of the Plan, in violation of Section 402 of ERISA, 29 U.S.C. § 1102.  The Participating Employers have advised the Secretary's representative they seek a court-appointed independent fiduciary to take control over and administer the Plans, to make distributions of the Plans' assets and to wind up and terminate the Plans.

## **VIOLATIONS**

24.    Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-23, inclusive.

25.    The Plans exist without an active named fiduciary with authority to control and manage the operation and administration of the Plans, in violation of ERISA Section 402(a), 29 U.S.C. § 1102(a).

26.    By the actions and conduct described above, NSRP, INR and the Abrahamsons, as fiduciaries of the Plans:

     a.    failed to discharge their duties with respect to the Plans solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and

beneficiaries and defraying reasonable expenses of administering

the Plans, in violation of Section 404(a)(1)(A) of ERISA, 29

U.S.C. § 1104(a)(1)(A); and

b.  failed to discharge their duties with respect to the Plans solely in

the interest of the participants and beneficiaries and with the care,

skill, prudence, and diligence under the circumstances then

prevailing that a prudent man acting in a like capacity and familiar

with such matters would use in the conduct of an enterprise of a

like character and with like aims, in violation of Section

404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B); and

c.  knowingly caused the Plans to engage in transactions that

constituted direct or indirect transfers of assets of the Plans to a

parties in interest of the Plans, in violation of Section 406(a)(1)(D)

of ERISA, 29 U.S.C. § 1106(a)(1)(D); and

d.  dealt with the assets of the Plans for their own interest, in violation

of Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1).

27.    By the actions and conduct described above, NSRP, INR and the

Abrahamsons, as fiduciaries of the Plans, failed to discharge their duties under

Section 404(a)(1) of ERISA, thereby allowing each other to commit fiduciary

breaches, for which they are liable pursuant to Section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Secretary of Labor prays that this Court enter an order:

1.    Permanently removing NSRP and INR from any positions with the Plans;

2.    Permanently enjoining NSRP and INR from acting, directly or indirectly, in any fiduciary capacity with respect to the Plans;

3.    Appointing an independent fiduciary to control and manage the operation and administration of the Plans, including making distributions of the assets held by the Plans' custodian in accordance with the terms of the Plans, marshalling the assets of the Plans, terminating and winding up the affairs of the Plans, and exercising all other authority as the fiduciary for the Plans, which shall pay the cost and fees of the independent fiduciary;

4.    Requiring NSRP, INR, and anyone with access to the records or documents of NSRP, INR, or the Plans, to make available to the Court-appointed independent fiduciary all records of the Plans

and to cooperate with the independent fiduciary when carrying

out his or her responsibilities to the Plans; and

5.       Granting such other relief as may be equitable, just, and proper.

Dated:        June 15, 2020        **FOR THE SECRETARY OF LABOR**:

>            KATE S. O'SCANNLAIN
>            Solicitor of Labor
>
>            G. WILLIAM SCOTT
>            Associate Solicitor of Labor
>            Plan Benefits Security Division
>
>            JOANNE ROSKEY
>            Deputy Associate Solicitor
>            Plan Benefits Security Division
>
>
>            __ s/Leonard H. Gerson__
>            LEONARD H. GERSON
>            Trial Attorney
>            United States Department of Labor
>            Office of the Solicitor
>            Plan Benefits Security Division
>            200 Constitution Avenue, Suite N-4611
>            Washington, D.C.  20210
>            gerson.leonard@dol.gov
>            (202) 693-5615